-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICHARD MILLS, 02-B-0778,

                    Petitioner,

          -v-                                    05-CV-0765A

                                                 **ORDER**
T. POOLE and STATE OF NEW YORK,

                    Respondents.

_____

     Petitioner Richard Mills has filed a petition for habeas

corpus relief, pursuant to 28 U.S.C. § 2254, which raises claims

concerning the handling of his direct appeal from a conviction in

Genesee County Court (Docket No. 1, Petition, Grounds One, Two and

Two [sic][1]) and challenges said conviction on a number of grounds

(id., Grounds Three-Sixteen).[2]

_____

     [1]The petition, which consists of the Court's pre-approved form and a number
of additional sheets of paper, contains two grounds for relief identified as
Ground "Two." The "first" Ground Two alleges that petitioner is being denied his
right to a direct appeal based on a conflict of interest between his court-
appointed appellate attorney and various Genesee County Court officials,
including the Genesee County Assigned Counsel Program Administrator and the
County Court Judge who presided over his criminal proceedings in Genesee County;
the "second" Ground Two alleges ineffective assistance of appellate counsel,
denial of access to the courts (appeal) and a conflict of interest.

     [2]Petitioner had previously filed two civil rights actions under 42 U.S.C.
§ 1983 against, inter alia, Genesee County Court, Genesee County Court Judge
Robert Noonan and the Genesee County District Attorney, and a habeas corpus
proceeding all alleging that his rights in the criminal prosecution in Genesee
County were being violated by Genesee County and its "officials" based, in part,
on the relationships among the various officials involved. Both civil rights
actions were dismissed sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and
1915A. Mills v. Genesee County, et al., 04-CV-0989A; Mills v. Genesee County
Court Judge Noonan, et al., 04-CV-0142A. The habeas corpus proceeding was
dismissed based on petitioner's failure to exhaust his state court remedies.
Mills v. State of New York, 05-CV-0012A.
     Petitioner has two other civil rights actions currently pending in this
Court relating to how he was allegedly treated upon his initial arrest and during
the course of his two periods of detention at the Genesee County Jail. Mills v.
Genesee County Sheriff's Department, et al., 03-CV-0196A(Sr); Mills v. Luplow,

Petitioner's appeal is currently pending in the New York State Supreme Court, Appellate Division, Fourth Department and, according to correspondence and other documents filed in connection with this matter and a civil action filed by plaintiff alleging many of the same claims raised herein--*i.e.*, a far-ranging conspiracy among various Genesee County officials to deprive petitioner of his constitutional rights during his criminal proceedings in Genesee County and now on his appeal from the criminal conviction--,[3] petitioner's court-appointed appellate counsel perfected the appeal in December of 2005 and the appeal is now scheduled for the Fourth Department's April 3, 2006 term.

Petitioner's request to proceed as a poor person is hereby granted and, for the following reasons, the petition is dismissed without prejudice because it is premature and because petitioner has failed to exhaust his state court remedies.  Additionally, the Court finds that pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971), and its progeny, it must abstain from adjudicating the issues raised herein.

---

*et al.*, 04-CV-005A(Sr).  Petitioner also filed another civil rights action, *see* n.3, *infra*, shortly before the instant petition was filed.

[3]<u>Mills v. Appellate Division Fourth Department, et al.</u>, 05-CV-0612A.  In this civil rights action petitioner alleges, *inter alia*, that the defendants, including  the Fourth Department, a number of its Judges and a court clerk, the New York State Commission on Judicial Conduct and its individual Commissioners, the Genesee County Assigned Counsel Program's Administrator and petitioner's court-appointed counsel, all conspired to deprive him of his rights to appeal and to the effective assistance of appellate counsel.

A.  **EXHAUSTION**

28 U.S.C. § 2254(b) requires a petitioner for habeas corpus relief to first exhaust state court remedies.  *See* Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 510 (1982); Daye v. Attorney General of the State of New York, 696 F.2d 186, 190 (2d Cir.1982), *cert. denied*, 464 U.S. 1048 (1982). While the failure to exhaust state court remedies usually is raised by respondents in response to a petition for habeas corpus relief, the court may raise said failure *sua sponte* where petitioner's failure to present his claims to the state's highest court is apparent from the face of the petition.[4]  *See Granberry v. Greer*, 481 U.S. 129, 133 (1987) (holding that a circuit court may raise sua sponte a habeas petitioner's failure to exhaust state remedies); Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir.1998) (noting that federal court can raise failure to exhaust sua sponte); Barnes v. Florida Parole Commission, No. 3:04CV775SRU, 2004 WL 1553610 (D.Conn., July 9, 2004).

It is plain from the face of the petition that the petitioner has not exhausted his state court remedies and that the petition is wholly premature.  Specifically, the appeal from petitioner's

---

[4]The Court recognizes that, unless it is clear from the face of the petition that a petition should be dismissed on procedural grounds, a habeas petitioner must receive notice and an opportunity to be heard before a district court dismisses a habeas petition on procedural grounds.  Acosta v. Artuz, 221 F.3d 117 (2d Cir.2000).  In this matter, it readily appears from the face of the petition that petitioner's claims, including the three relating to the processing of the pending appeal (Grounds One, Two and Two), are clearly subject to review by the state courts and have not been properly exhausted.

criminal conviction in Genesee County is currently pending, has been perfected by court-appointed counsel and is scheduled to be argued during the Fourth Department's April 3, 2006 term.  There is no claim of excessive delay or the like which might excuse the failure to exhaust.  *See* <u>Simmons v. Reynolds</u>, 898 F.2d 865, 867-68 (2d Cir. 1990).

B.  <u>**YOUNGER ABSTENTION**</u>

By filing a petition for habeas corpus relief in relation to, in part, the processing of petitioner's direct appeal from his criminal conviction, petitioner is asking this Court to intervene in an ongoing state criminal proceeding.  This, pursuant to <u>Younger</u>, 401 U.S. at 46, the Court cannot do.  *See, e.g.*, <u>Davis v. Lansing</u>, 851 F.2d 72 (2d Cir. 1988) (federal habeas court should abstain in ongoing state criminal trial where petitioner claimed that trial judge acted improperly when he dismissed six jurors because prosecutor objected to the systematic exclusion of white jurors by petitioner/defendant's counsel).

The dual interests of federalism and comity are the very bases for the "fundamental policy against federal interference with state criminal prosecutions."  <u>Younger</u>, 401 U.S. at 46.  See *also* <u>Middlesex County Ethics Committee v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431 (1982); <u>Levy v. Lewis</u>, 635 F.2d 960, 964-65 (2d Cir.1980).  "The policy of equitable restraint expressed in <u>Younger v. Harris</u>, in short, counsels against any federal intervention in

4

pending legal proceedings under circumstances that could be interpreted as 'reflecting negatively upon the state court's ability to enforce constitutional principles.'" <u>Wilson v. De Bruyn</u>, 633 F.Supp. 1222, 1225 (W.D.N.Y. 1986) (Telesca, J.) (quoting <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 604 (1975); <u>Steffel v. Thompson</u>, 415 U.S. 452, 462 (1974).

When determining whether to apply <u>Younger</u> abstention, the court must consider whether (1) there is an ongoing state proceeding; (2) whether an important state interest is implicated; and (3) whether plaintiff has an open avenue for review of the constitutional claims in state court. <u>Hansel v . Town Court for Town of Springfield, N.Y.</u>, 56 F.3d 391, 393 (2d Cir.), <u>cert. denied</u>, 516 U.S. 1012 (1995). All three questions are clearly answered in the affirmative and therefore this Court must abstain. First, there is clearly an ongoing state court proceeding--the appeal, see <u>Levy v. Lerner</u>, 853 F.Supp. 636, 643 (E.D.N.Y. 1994) (citations omitted); second, an important state interest is implicated inasmuch as the courts have routinely held that a state's "interest in the administration of criminal justice within its borders is an important one." <u>Hansel</u>, 56 F.3d at 393; <u>Occasio v. Jacobson</u>, No. 95 Civ. 10775 (SHS), 1996 WL 66112, at *4 (S.D.N.Y., Feb. 15, 1996) (quoting <u>Hansel</u>). As to the third question, not only has plaintiff raised these issues in motions before the Fourth Department, but he will have ample opportunity to

pursue them either on the pending appeal or on various requests for post-conviction relief.

"One of the fundamental principles underlying . . . Younger abstention is the recognition that state courts are fully competent to decide federal constitutional questions." Simmonds v. Deutsch, 1989 WL 32835, at *8 (E.D.N.Y., Mar. 27, 1989). "Even if the litigant has not raised his federal claims in state court, the federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." Id. (internal quotation and citation omitted).

In the instant case, Younger abstention is appropriate. The basis of petitioner's claim herein is that because of some conspiracy among various Genesee County officials, he has been assigned counsel who will not fully protect his rights on appeal and therefore he will be denied his rights to an appeal and the effective assistance of appellate counsel. The Fourth Department is more than capable of adjudicating petitioner's appeal and adjudicating his claims on appeal. Interfering in petitioner's appeal at this time would certainly reflect "negatively" on the Fourth Department's ability to provide plaintiff due process on appeal. Wilson, 633 F.Supp. at 1225.

Accordingly, the petition is hereby dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, because the issues raised here are

not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that the petition is dismissed without prejudice;

FURTHER, that a certificate of appealability is denied; and

FURTHER, that leave to appeal as a poor person is denied.

**SO ORDERED.**

S/ Michael A. Telesca

---

MICHAEL A. TELESCA
United States District Judge

Dated:     March 9, 2006
           Rochester, New York